**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA1
Alexandria Division**

| | | |
|---|---|---|
| **REBA NETTLES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:06-cv-847** |
| | ) | |
| **COSTCO WHOLESALE** | ) | |
| **CORPORATION, INC.,** | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

The matter came before the Court on defendant's motions to dismiss or, in the alternative, to stay the Scheduling Order.  Contemporaneous with its motion to dismiss filing, defendant provided plaintiff, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), with notice of the opportunity to file responsive materials and notice that the failure to respond could result in dismissal of plaintiff's complaint.  Plaintiff did not file any responsive materials.  At the hearing on defendant's motion, defendant appeared, by counsel, and plaintiff appeared *pro se.*

### A.

Plaintiff, a Virginia resident, who has received some paralegal training, filed a *pro se* complaint in the Circuit Court for Fairfax County against defendant, Costco Wholesale Corporation, Inc., a corporation incorporated, and with its principal place of business, in the state of Washington.  Plaintiff alleged that, on or about June 21, 2003, she slipped and fell on a piece of hot dog while shopping at defendant's business premises located in Fairfax, Virginia.  Plaintiff claimed that defendant had negligently failed to maintain its floors in safe condition and demanded judgment in the amount of $2 million, plus interest and costs.  This *ad damnum* does

1

not include damages for lost wages because, as plaintiff only now explains, she seeks no such damages because she was not absent from work as a result of her injury.  Defendant removed this matter to the Eastern District of Virginia based on diversity jurisdiction under 28 U.S.C. § 1441.

Shortly thereafter, this Court issued an Order dated July 25, 2006, which directed the parties to appear at a Rule 16(b) Pretrial Conference and, in preparation for that Conference, the Order also directed the parties to meet and confer to develop a proposed discovery plan. Pursuant to the July 25 Order, defendant made repeated efforts to contact plaintiff, but plaintiff elected not to confer with defendant about a proposed discovery plan and did not appear at the Rule 16(b) Pretrial Conference.  The July 25 Order also provided that the Final Pretrial Conference would be held on October 19, 2006, and noted that a trial would be set four to eight weeks later.[1]  Following the Rule 16(b) Pretrial Conference, at which plaintiff did not appear, the Court issued a Rule 16(b) Scheduling Order, dated August 16, 2006, establishing certain deadlines and obligations of the parties.  More specifically, the Scheduling Order stated that

(i)     The parties' Rule 26(a)(1) initial disclosures were due on or before August 30, 2006;

(ii)    Plaintiff's expert disclosures under Rule 26(a)(2) were due on or before September 1, 2006;

(iii)   Defendant's expert disclosures under Rule 26(a)(2) were due on or before September 29, 2006;

(iv)    Plaintiff's rebuttal expert disclosures under Rule 26(a)(2) were due on or before October 6, 2006; and

(v)     All discovery was due to be completed by October 13, 2006.

---

[1]Indeed, on October 19, 2006, when the parties appeared for the Final Pretrial Conference, the Court set matters for trial in November and early December.  This case was not then set for trial because this dismissal motion was scheduled to be heard the following day.

The record plainly reflects that plaintiff elected, from the outset, to ignore both the Court's July 25 Order and the Scheduling Order, as well as the Federal Rules of Civil Procedure. In particular, the record reveals that

(i)     Plaintiff never conferred with defendant to develop a discovery plan, despite repeated efforts by defendant to contact plaintiff;

(ii)    Plaintiff did not appear at the Rule 16(b) conference;

(iii)   Plaintiff never submitted her Court-ordered Rule 26(a)(1) initial disclosures, which were due on or before August 30, 2006;

(iv)    Plaintiff never responded to defendant's Interrogatories until the October 20, 2006 hearing on this matter, long after the close of discovery, and even then the responses were largely inadequate;

(v)     Plaintiff never responded to defendant's Requests for Production of Documents until the October 20, 2006 hearing on this matter, long after the close of discovery, and even then, only a small number of the requested documents were provided;

(vi)    On September 13, 2006, well past the deadline for plaintiff's Rule 26(a)(1) disclosures, plaintiff informed defendant that just the previous week she had requested medical records relating to the accident, yet she never produced any medical records;

(vii)   On September 13, 2006, well past the deadline for plaintiff's Rule 26(a)(1) disclosures, plaintiff informed defendant that she had not yet obtained any medical bills related to her treatment allegedly arising from the accident, yet she never produced any medical bills until the October 20, 2006 hearing on this matter; and

(viii)  Defendant sought to take plaintiff's deposition and plaintiff agreed to provide defendant a firm date for her deposition, but never did so.

Plaintiff offered several excuses for her non-performance of these Court-ordered obligations.  With respect to the Rule 16(b) conference, plaintiff claimed that she arrived at the Courthouse on time but was not allowed to enter because she was carrying a cellular phone, which is not permitted.  Plaintiff claims that she left the Courthouse to place the cellular phone in

3

her vehicle and when she returned to the Courthouse, she claims, the courtroom doors were locked.

With respect to discovery, plaintiff produced responses to defendant's interrogatories at the October 20, 2006 hearing on this matter and, for the first time, claimed that she had sent defendant's counsel the discovery responses within the discovery period.  Plaintiff claimed that the original responses and other correspondence were timely mailed, yet, must have been lost in the mail.  Importantly, plaintiff produced no receipt, time stamp, or certification of mailing, to evidence that she sent any of the claimed correspondence to defendant.  The record reflects that plaintiff's alleged correspondence was properly addressed to defendant's counsel and that defendant's counsel's address never changed.  Despite this, plaintiff alleges that *several* pieces of correspondence, including her interrogatory responses, were lost.  Yet, she offers no support, beyond her own assertions, that these items were actually mailed.   In the end, plaintiff's explanation is simply not credible.  To the contrary, the Court finds that plaintiff failed to mail any discovery responses or correspondence, and that this failure was willful.  *See Wyche v. Va. State Univ.*, No. 3:04CV766, 2005 U.S. Dist. LEXIS 8705, at *6-7 (E.D. Va. 2005) (finding that *pro se* "[p]laintiff has demonstrated bad faith by completely ignoring the rules of procedure, the orders of the court, and by refusing to communicate with defense counsel"); *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985) (affirming district court's finding of wilfulness where party disregarded the court's discovery timetable as set forth in the pre-trial order).  As such, the Court finds that plaintiff's Rule 26(a)(1) initial disclosures and responses to defendant's interrogatories were provided to defendant, for the first time, at the October 20, 2006 hearing, well beyond the discovery cut off date and the other deadlines set out in the Scheduling Order.

It is worth noting that the interrogatory responses provided by plaintiff at the October 20, 2006 hearing were largely inadequate.  For example, plaintiff was asked to describe any preexisting infirmities or disabilities and whether she received any social security, disability, or worker's compensation payments as a result of these conditions.  Plaintiff responded simply "No!"  Additionally, plaintiff was asked to detail the injuries she received in the incident, including whether the injury was permanent and whether any medical provider diagnosed the injury as permanent.  Without providing even the slightest explanation, or the names of any medical providers, plaintiff listed her injuries as "lower back (herniated disc L3-L4), lumbar strain, left knee, left ankle, left thigh, left arm, left leg."  Moreover, when asked to list all special damages, plaintiff, without providing any documentation, simply listed $10,000 in medical bills and $800 due to missing a scheduled trip.  Plaintiff provided no other figures for damages and simply left a blank space following the entry for emotional damage, "Emotional Damage _____ $$$ ____.00," and physical damage,  "Physical Damage _____ $$$ ____.00."  Finally, plaintiff was asked whether she had filed a federal income tax return in the past five years and, if so, the amount of adjusted gross income reported.  Plaintiff responded "N/A," without further explanation.  These are just a few of the vague and inadequate responses plaintiff provided.

**B.**

As a result of plaintiff's failure to provide even the most basic information, defendant has moved to dismiss plaintiff's complaint.  Specifically, defendant argues that, pursuant to Rules 16(f), 37, and 41(b), Fed. R. Civ. P., plaintiff's complaint should be dismissed.  To begin with, Rule 16(f) "authorizes district courts to employ those sanctions provided in Rule 37 . . . including dismissal, in a number of situations such as where a party or its attorney fails to obey a

scheduling or pretrial order, fails to appear at a scheduling or pretrial conference, or fails to participate in good faith." *United States v. One Tract*, No. 95-1282, 1997 U.S. App. LEXIS 2875, at *8 (4th Cir. 2002). "The decision of what sanction is appropriate under the prevailing circumstances is within the district court's discretion." *Id.* Nonetheless, where, as here, a party seeks dismissal, there is "a due process limitation on a district court's power to dismiss under Rule 37(b) such that a court is not authorized to dismiss a complaint when it has been established that a litigant's noncompliance with a pretrial production order was because of inability, rather than wilfulness, bad faith or fault." *Id.*

Defendant also moves to dismiss plaintiff's complaint under Rule 37. Within Rule 37 there are three applicable provisions. First, Rule 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, "the court may make such orders in regard to the failure as are just," including, *inter alia*, dismissal, disallowing a claim or defense, striking a pleading, or staying further proceedings. Second, Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Moreover, the court may impose other appropriate sanctions, including those provided under Rule 37(b)(2)(A), (B), and (C), such as ordering that certain facts be deemed established, disallowing a claim or defense, dismissing the action, or entering a default judgment. Finally, Rule 37(d) provides that if a party fails to respond to properly served interrogatories or requests for inspection, then the court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under" Rule 37(b)(2)(A), (B), or (C). Like both Rule 16(f) and Rule 37, Rule 41(b) permits involuntary

6

dismissal of plaintiff's complaint where the plaintiff fails to prosecute her claim, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a court order.

The Fourth Circuit has developed a four-part test for determining appropriate sanctions under Rule 37. In essence, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998); *see also Zaczek v. Fauquier County*, 764 F. Supp. 1071, 1078-79 (E.D. Va. 1991). Significantly, "[*p*]*ro se* litigants are not immune from any sanction by virtue of their status alone. . . . There is . . . no doubt that *pro se* litigants are subject to any and all appropriate sanctions for their misconduct." *Zaczek*, 764 F. Supp. at 1077.

As applied here, this four-part test compels the conclusion that dismissal is appropriate. As explained herein, plaintiff acted in bad faith when she wilfully ignored both the July 25 Order and the Scheduling Order and failed to provide defendant with timely discovery. As a result of plaintiff's conduct, defendant has not been able to issue subpoenas for documents, interview witnesses, schedule depositions, select experts, or provide expert disclosures. By any standard, defendant will be unfairly prejudiced absent dismissal. Certainly plaintiff's failure to provide even the most basic information until well after the discovery period had ended is inexcusable and should not be countenanced. This behavior warrants dismissal for purposes of deterrence and to avoid unfair prejudice to defendant.

Importantly, the final factor – whether less drastic sanctions would be effective – was given careful and extensive consideration. In particular, consideration was given to an

alternative sanction that would preclude plaintiff from introducing evidence that she was required to disclose in her Rule 26(a)(1) disclosure or in response to discovery requests.  Yet, because plaintiff failed to produce *any* Rule 26(a)(1) disclosures or *any* timely discovery, this option would preclude plaintiff from presenting all essential testimony, including, *inter alia*, any medical testimony, including any testimony concerning diagnosis and causation, any testimony concerning defendant's liability, and any evidence of damages.  In essence, plaintiff would only be permitted to introduce her own testimony, and even then, the scope of her testimony would be limited to describing the slip and fall.  Put simply, there are two options, either preclude plaintiff from producing evidence which she failed to provide, in contravention of the July 25 Order and the Scheduling Order, or permit plaintiff to turn back the clock and restart the discovery process, with nothing more than an admonition.  There appears to be no non-arbitrary, intermediate option that would permit the matter to proceed, but sufficiently sanction plaintiff for ignoring her Court-ordered obligations.  *See Wyche*, 2005 U.S. Dist. LEXIS at *7-8 (finding dismissal of *pro se* plaintiff's complaint necessary because "[a]ny lesser sanction than dismissal would only serve to reward Plaintiff's dilatory actions and encourage others to disregard procedural requirements").  Accordingly, under the Fourth Circuit's four-part test, dismissal is appropriate.

For these reasons, and for the reasons stated from the bench,

It is hereby **ORDERED** that defendant's motion to dismiss is **GRANTED**.

It is further **ORDERED** that defendant's motion to stay the scheduling order is **DENIED AS MOOT**.

As this resolves all outstanding matters in this case, the Clerk is **DIRECTED** to place

this matter among the ended causes.

Should plaintiff wish to appeal this Order, she must do so within thirty (30) days, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is further directed to send a copy of this Order to plaintiff and all counsel of record.


_____/s/_____

Alexandria, Virginia                                    T. S. Ellis, III
October 20, 2006                                        United States District Judge